**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 12 C 6034 |
| | ) | |
| MUHAMMED KHATTAB | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a bench trial, the Court found Muhammed Khattab guilty of a narcotics offense, and in June 2007, the Court imposed a prison sentence of 144 months. The Seventh Circuit affirmed Mr. Khattab's conviction and sentence on August 5, 2008. That was the date on which Mr. Khattab's conviction became final, because he did file a petition for a writ of certiorari before the U.S. Supreme Court.

On May 11, 2012, Mr. Khattab mailed to the Clerk a motion under 28 U.S.C. § 2255 asking the Court to vacate his conviction and sentence. In his motion, Mr. Khattab alleges that his trial counsel rendered ineffective assistance by failing to advise him to accept a plea agreement that he says was offered that, he says, would have resulted in an 84 month prison term. Mr. Khattab alleges that his lawyer told him he should go to trial because he had nothing to lose. He contends that trial counsel's actions and advice were erroneous and unreasonably deficient.

The government contends that Mr. Khattab's motion is untimely. A one year limitation period applies to a section 2255 motion. 28 U.S.C. § 2255(f). The one year period runs from the latest of four dates: the date on which the conviction became final,

the date on which a government-created impediment to filing the motion was removed, the date on which the right asserted was initially recognized by the Supreme Court, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or the date on which the movant could have, with due diligence, discovered the facts supporting his claim. *Id.* § 2255(f)(1)-(4).

Mr. Khattab filed his motion over three and one-half years after his conviction became final, and he does not allege a government-created impediment to filing or the late discovery of any facts supporting his claims. Rather, he contends that the right upon which he relies was only recently recognized by the Supreme Court. In particular, he relies on the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). In *Frye*, the Court ruled that a criminal defense attorney "has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 132 S. Ct. at 1408. In *Cooper*, the Court ruled that to show prejudice in the context of an unaccepted plea offer, a defendant must show that but for the ineffective assistance of counsel, there is a reasonable possibility that the defendant would have accepted the plea, the court would have accepted its terms, and the defendant's sentence would have been less severe than the one actually imposed. *Cooper*, 132 S. Ct. at 1385.

These rules certainly provide significant legal support for Mr. Khattab's claim (the Court expresses no judgment on whether Mr. Khattab could support his claim factually). The Seventh Circuit has squarely held, however, that neither *Frye* nor *Cooper* announced a new rule of constitutional law. In particular, the Seventh Circuit concluded in *hare v. United States*, 688 F.3d 878 (7th Cir. 2012), that the Supreme Court's

2

discussion in those decisions "repeatedly and clearly spoke of applying an established rule to the present facts" and that "the Court's actions show that it was applying an old rule that the state courts [in *Frye* and *Cooper*] had misapplied." *Id.* at 879. The Seventh Circuit's decision in *Hare* concerned the question of whether the movant in that case could file a successive section 2255 motion under section 2255(h), but the question the court addressed is conceptually indistinct from the one at issue in the present case.

The Seventh Circuit's ruling on this point is binding on this Court. Therefore, because Mr. Khattab cannot show that his motion is based a new rule of law within the meaning of section 2255(f)(3), his section 2255 motion is untimely.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to vacate and directs the Clerk to enter judgment in favor of the United States.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 29, 2013